UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RAY ELLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24 CV 9 JMB |
| | ) | |
| BILL STANGE and CATHERINE L. HANAWAY,[1] | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Ray Ellis' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  For the reasons set forth below, the petition is **DENIED.**

### I.    Procedural Background

Petitioner is held by the Missouri Department of Corrections pursuant to the judgment and sentence of the Circuit Court of St. Louis County, Missouri.  In September, 2018, a jury convicted him of second degree murder, armed criminal action, and two counts of tampering with physical evidence and he was sentenced to consecutive terms of life, three years', and four years' imprisonment (Doc. 9-2 pp. 4-5).  On February 11, 2020, the Missouri Court of Appeals affirmed his conviction and sentence (Doc. 9-5).  Following an evidentiary hearing, Petitioner's motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied by the trial court (Doc. 9-7).  On June 20, 2023, the Missouri Court of Appeals affirmed the denial of postconviction relief (Doc. 9-10).  Petitioner timely filed his § 2254 petition on January 22, 2024 (Doc. 1).  He asserts that the trial court erred in failing to declare a mistrial and ineffective assistance of trial

---

[1] Petitioner is incarcerated under consecutive sentences.  Accordingly, the Attorney General of the State of Missouri, Catherine L. Hanaway, is added as a Respondent herein.

Page **1** of **11**

counsel claims related to a witness, evidence, and trial practice.  Respondent filed a response in opposition (Doc. 9) to which Petitioner did not reply, rendering this matter fully briefed.

II.    **Factual and Procedural Background**

Petitioner does not challenge the factual findings of the state courts, and they are presumed to be correct.  28 U.S.C. § 2254(e)(1).  Only facts relevant to Petitioner's claims are recounted below.

The evidence at trial revealed that Petitioner killed his girlfriend, disposed of her body in a secluded area, and burned his car in which he shot her.  Petitioner confessed to the killing to Mark Bracken on Halloween night and asked for his help moving the body and disposing of the murder weapon.  Mr. Bracken supplied gloves and a change of clothing but did not otherwise assist Petitioner.  A few days later, police officers found Petitioner's car engulfed in flames and found the victim's body three months later.  She had been shot in the head.

At trial, there was testimony that prior to getting into Petitioner's car on October 28, 2016, the victim told her nephew that she would get candy and return.  The next day, when she didn't return, her family reported her missing.  On November 4, 2016, Petitioner was arrested after he sought Mr. Bracken's assistance and set fire to his car.  The State contended the victim was killed on October 28th and that Petitioner dumped her body in a secluded area near Kinloch, Missouri.  In addition to indicating that Petitioner had confessed to him, Mr. Bracken also testified that Petitioner's brother had also told him that Petitioner had killed the victim.  Finally, in closing arguments, the prosecutor repeatedly stated that "there was no evidence" that would contradict the State's evidence.  On the fourth such occurrence, Petitioner's trial counsel objected but did not request a mistrial.  When seeking post-conviction relief, Petitioner believed that Chirstopher Jones would testify that he saw the victim on October 29, 2016.  At the evidentiary hearing Mr. Jones

testified that while he may have seen the victim, he did not know the day or time, which is what he told investigators.  Mr. Jones also indicated that he would not have been willing to testify on Petitioner's behalf and would not have appeared if subpoenaed.

On direct appeal, Petitioner raised only one issue before the Missouri Court of Appeals: that the trial court plainly erred in failing to *sua sponte* declare a mistrial in light of the prosecutor's remarks in closing arguments (Doc. 9-3).   On collateral appeal, Petitioner presented three ineffective assistance of counsel claims: (1) that counsel should have located and called Mr. Jones to testify on his behalf; (2) that counsel erred in failing to object to the victim's statement that she was going to get candy for her nephew; and (3) that counsel should have objected to Mr. Bracken's testimony as to what Petitioner's brother told him, namely that Petitioner had confessed to killing the victim (Doc. 9-8).

Before this Court, Petitioner asserts the same mistrial and ineffectiveness claims for the reasons argued before the Missouri Court of Appeals (Doc. 1, p. 5).  However, Petitioner makes no argument supporting his claims before this Court and he is not entitled to relief.

## III.    <u>Legal Standards</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court]

but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Brown, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410–11).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable in light of the evidence of record. Id.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688 (1984). With respect to the first

Strickland prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.  Id. at 689.  Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant."  Burt v. Titlow, 571 U.S. 12, 22–23 (2013) (quotation marks and citation omitted).  Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689; see also Abernathy v. Hobbs, 748 F.3d 813, 816 (8th Cir. 2014) (reviewing court must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions." (citation omitted)).

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome."  Paulson v. Newton Corr. Facility, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted).  Although Strickland requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective — [courts] need not first make a determination regarding deficiency."  Holder v. United States, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review."  Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, 563 U.S. 170, 202 (2011)).

First, under Strickland, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. Strickland, 466 U.S. at 696. . . . To satisfy Strickland, the likelihood of a different result must be "substantial, not just conceivable." Id. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect. [Harrington v. Richter, 562 U.S. 86, 112, 101], 131 S. Ct. 770, 792, 785 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at [102].

Williams, 695 F.3d at 831–32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. Furthermore, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. Odem v. Hopkins, 382 F.3d 846, 849 (8th Cir. 2004).

## IV.     Discussion

As an initial matter, Petitioner only states his claims for relief. He makes no argument as to how the Missouri Court of Appeals erred in its analysis of any of the grounds that he raises before this Court. That is, Petitioner has not shown how the latest state court to consider the merits of his claims either unreasonably applied federal law or unreasonably found the facts in light of the evidence. Federal habeas review is not a general review of a state criminal trial. Instead, this Court is "bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomhold v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). To acquire federal habeas corpus relief, then, Petitioner must demonstrate "that the challenged state-court ruling rested on an error well understood and comprehended in existing law beyond any possibility of fair-minded disagreement." Metrish v. Lancaster, 569 U.S. 351, 358 (2013) (quotation marks and citation omitted). Without such a showing, his claims must fail. For this reason alone, the Petition must

be denied in its entirety.  Even if the claims are considered, Petitioner still would not be entitled to relief.

State prisoners seeking habeas relief in federal court are typically limited to raising grounds that have been "fairly presented" in state court proceedings.  Deck v. Jennings, 978 F.3d 578, 581 (8th Cir. 2020).  Grounds raised in federal court that have not been presented in state court and for which there are no remaining state remedies are procedurally defaulted and should not be considered further.  Dansby v. Payne, 47 F.4th 647, 658 (8th Cir. 2022); Stephen v. Smith, 963 F.3d 795, 799 (8th Cir. 2020).  Procedural default also occurs when a state court's decision on a question of federal law "rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729-730 (1991).  Such procedurally defaulted grounds may nonetheless be considered if a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice (i.e., actual innocence).  Bousley v. United States, 523 U.S. 614, 622 (1998); Coleman, 501 U.S. at 750; Morgan v. Javois, 744 F.3d 535, 538-539 (8th Cir. 2013).

The Missouri Court of Appeals found that Petitioner failed to preserve his mistrial claim because he did not seek a mistrial at the jury trial or in his motion for a new trial.  As such, the State Court considered the unpreserved claim under a plain error standard.  Under that standard, the State Court found that there was no manifest injustice or miscarriage of justice that would allow for relief or exceptional circumstances to warrant such a drastic remedy as a mistrial.  This claim is procedurally defaulted because it was not fairly presented in State Court proceedings.  Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012) ("In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." (quotation marks and citation

omitted)).  Petitioner has made no showing of cause or prejudice (or a fundamental miscarriage of justice) that would cure the default and mandate review by this Court.  The State Court's plain error review cannot excuse a procedural default.  Clark v. Bertsch, 780 F.3d 873, 874 (8th Cir. 2015) (holding that "a federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error").

As to Petitioner's remaining ineffective assistance of counsel claims, it is undisputed that the State Court both reasonably applied controlling law and reasonably found the facts in light of the evidence.  In its opinion, the Missouri Court of Appeals held that in order to prevail on his ineffective assistance of counsel claims, Petitioner must demonstrate that counsel's performance fell below the standard of a reasonably competent attorney and that he was prejudiced as a result, the familiar Strickland standard.  The State Court went to find that Petitioner could not demonstrate that counsel acted unreasonably and/or that he was prejudiced as a result of counsel's conduct.

Petitioner first claims that counsel should have called Mr. Jones as a witness because he would have testified that he saw the victim after the State alleged that she had been murdered.  In order to prevail on his claim, the State Court held that Petitioner was required to show that counsel knew or should have known of the witness, that the witness was locatable, that the witness would have testified, and that the testimony would have provided a viable defense in order to show prejudice under the Strickland standard (Doc. 9-10, p. 6, citing Worthington v. State, 166 S.W.3d 566, 572 (Mo. 2005)).  The State Court found, however, that not only did the witness indicate that he would not have testified at trial but that he also could not provide a viable defense because he could not say when he observed the victim (Id.).

That the witness was unwilling to testify, by itself, may not be sufficient to show that there could be no prejudice to Petitioner for failing to call a necessary witness. See Williams v. Superintendent Mahanoy SCI, 45 F.4th 713, 720-721 (3rd Cir. 2022) (finding that the Strickland standard may not excuse counsel's conduct based solely on a witnesses' willingness to testify because testimony could be compelled through a subpoena). However, the State Court also found that the witness would not have provided any testimony that would have made a different outcome reasonably likely. It is reasonable for the State Court to find that Petitioner suffered no prejudice when his counsel failed to call a witness who could not state with specificity that he saw the victim after the date that she was killed. The state court correctly identified the standard and reasonably applied the facts. Petitioner has presented no argument that would meet the doubly deferential standard required to obtain habeas relief on this claim.

Petitioner next contends that counsel was ineffective for failing to object (on hearsay grounds) to the victim's recounted statement that she was going to get candy for her nephew and Mr. Bracken's statement that Petitioner's brother had also told him that Petitioner confessed to killing the victim. Before the State Court, Petitioner argued that the candy testimony placed the victim with Petitioner prior to Halloween, which supported the State's theory that she was killed on October 28th, and painted the victim in a good light. As to the brother's statement, Petitioner argued that it was prejudicial. The State Court found that that Petitioner was not prejudiced by his counsel's failure to object because of the overwhelming evidence of guilt and because there was no probability that the jury convicted him solely on the brother's statement. The State Court's findings are not unreasonable. In order to show prejudice, Petitioner is required to show that, but for counsel's conduct, the result of the proceedings would have been different. Petitioner has made no such showing. See Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989) (finding that mere

speculation cannot meet the <u>Strickland</u> prejudice requirement).   Instead, the overwhelming evidence revealed that the victim left her house with Petitioner on October 28th.   On October 31st, Petitioner confessed to killing the victim to Mr. Bracken and asked for help to move the body and dispose of the gun used to kill her.   Mr. Bracken initially agreed, travelled with Petitioner and others to a gas station, but then begged off using work as an excuse; Petitioner was then driven to a dark vacant area (identified as the slums of Kinloch) where he got out of the car.   On November 1, Petitioner told Mr. Bracken that he was unable to move the body and that he was concerned about this car.   Police officers found the car, which was on fire on November 4th, and subsequently arrested Petitioner, who had the keys to the car in his pocket.   They found the victim thereafter based on cell phone records.   There was overwhelming evidence of Petitioner's guilt.   That the jury may have heard potential hearsay statements, about the victim's intent to buy candy and Petitioner's brother's statements, would have had no effect on the outcome.

In sum, Petitioner has failed to demonstrate that the State Court either unreasonably found the facts in light of the evidence or unreasonable applied federal law in addressing Petitioner's claims.   Petitioner has therefore failed to overcome the doubly deferential standard afforded to the State Court's decisions.

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Ray Ellis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C.

§ 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-338 (2003) (setting forth the standard for issuing a certificate of appealability).

A separate Judgment will accompany this Memorandum and Order.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of April, 2026.